UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHERON STEPHENS,<br><br>    Plaintiff,<br><br> v.<br><br>WAL-MART STORES, INC.<br><br>    Defendant. | Case No. 2:14-cv-02003-RFB-NJK |

  On December 2, 2014, Defendant Wal-Mart Stores, Inc. ("Defendant") petitioned to remove the instant matter to this Court. ECF No. 1. On December 16, Plaintiff Sheron Stephens ("Plaintiff") moved to remand the matter back to state court on the grounds that the value of Plaintiff's claim does not exceed $75,000.00 as required by 28 U.S.C § 1332. ECF No. 6. On January 2, 2015, Defendant filed a response to the motion to remand, which included documentation of Defendant's proposed remand stipulations, and indicated "no opposition to Plaintiff's request to remand this matter if the amount in controversy is, as Plaintiff now claims, not met." Response, 1:19–20, ECF No. 10. Plaintiff did not file a reply.

  Between diverse parties, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."

Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (citations omitted).

Here, an amount in controversy exceeding $75,000 is not facially evident from the complaint.  Furthermore, Defendant has not provided any evidence (in its removal petition, ECF No. 1, response to Plaintiff's motion to remand, ECF No. 10, or any other filed document) to prove that the amount in controversy exceeds $75,000.  Therefore, this Court lacks subject matter jurisdiction and must remand the matter back to the state court.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand, ECF No. 6, is GRANTED.  The Clerk of Court is instructed to remand this case back to the Eighth Judicial District Court, Case No. A-14-709590-C, and close this matter.

DATED: March 5, 2015

_____
RICHARD F. BOULWARE, II
United States District Judge